IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Khalid Abdul Al-Mu'Min, #234629,<br>aka Danny Roney<br>  Plaintiff,<br><br>vs.<br><br>Mark Sanford, Governor of South<br>Carolina, et al.,<br><br>  Defendants. | Civil Action No. 8:07-3178-RBH-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendants' motions for summary judgment [Docs. 13, 36] and the plaintiff's motion for medical attention [Doc. 38]. The plaintiff alleges that the defendants have deliberately ignored his "scabies" skin condition in violation of the Eighth Amendment.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

## APPLICABLE LAW

**LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT**

The petitioner brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal.

The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999).  A pro se complaint, "can only be dismissed for failure to state a claim if it appears  beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (U.S. 1976).  A court may not construct the petitioner's legal arguments for him.  *See Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

#### SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*,

477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

The plaintiff has pled a claim against the defendants for their alleged deliberate indifference to his "disease called scaby mites." (Compl. at 3.) He contends that he first contracted the alleged condition in January 1999 from a dirty mattress that was taken from an inmate who had scabies. *Id*. The plaintiff has consistently complained that he feels as though something is crawling all over his body and biting him. *Id*.

3

## I. DELIBERATE INDIFFERENCE

The plaintiff argues that the defendants have failed to diagnose his scabies because they have not performed the proper tests, have employed antiquated equipment, and have refused to use a dermatologist or pay additional money for such dermatologist's specialized equipment.

The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). This obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical service. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104.

"Deliberate indifference is a very high standard." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir.1999). In *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) the Fourth Circuit Court of Appeals noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Id.* (citation omitted). Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *See Estelle*, 429 U.S. 104; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir.1986). In other words, the plaintiff must show, objectively, that he had a serious medical need, and, subjectively, that the defendants were deliberately indifferent to it.

Although the United States Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the

treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988). Furthermore, the type and amount of medical care is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga.1994). The mere fact that a prisoner may believe he had a more serious injury or that he required better treatment does not establish a constitutional violation. *See, e.g., Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir.1975) ("The affidavits submitted to the District Court reflect that Russell was under constant medical supervision from the time of his arrival at Botetourt. Questions of medical judgment are not subject to judicial review.").

As to objective element, the defendants contend that the plaintiff's alleged scabies does not constitute a serious medical need because he has never been diagnosed as having them. A serious medical need is one that poses a substantial risk of serious injury to health and safety. *See Young v. City of Mount Ranier*, 238 F.3d 567, 576 (4th Cir. 2001). The Fourth Circuit has further defined "serious medical need" as a medical need "sufficiently serious . . . to require medical treatment." *Brice v. Virginia Beach Correctional Ctr.*, 58 F.3d 101, 104 (4th Cir.1995). In addition, while there is no clear definition of what constitutes a serious medical need, "the Eighth Amendment embraces the treatment of medical conditions which may cause future health problems." *Harden v. Green*, 27 Fed. Appx. 173, 177 (4th Cir. 2001) (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993).

The plaintiff has produced no evidence whatsoever of scabies. Two examining doctors have submitted affidavits rejecting that the plaintiff has ever been diagnosed with scabies or that there is any evidence whatsoever that he has it. (Olivencia-Font Aff. at 5; Grice ¶ 3.) Critically, Dina Grice, a dermatologist, performed a dermatological examination on the plaintiff "and found no evidence of a rash on his trunk, penis or elsewhere." (Grice ¶ 3.) Dr. Grice stated that she "doubted seriously that Mr. Roney had active mites . . . ." *Id*. Moreover, she stated that she did "not believe that Mr. Roney was suffering from any ailment, injury or condition which was immediately life-threatening or presented an imminent

risk of serious harm to his health or well-being. *Id*. ¶ 5. Dr. Olivencia-Font stated that the plaintiff "has never been diagnosed as having scabies, but does have a mental health condition." (Olivencia-Font Aff. at 5.) Dr. Olivencia-Font stated that sometimes as "a part of mental health issues, some people have feelings of things crawling under their skin." *Id*. It is also Dr. Olivencia-Font's medical opinion that the plaintiff "has an obessession with scabies." *Id*.

Even after the Court granted an untimely filed motion to compel fo the plaintiff [Doc. 34], the plaintiff has not produced any evidence whatsoever. He has not produced any evidence that either directly or circumstantially lends credibility to his belief that he has contracted scabies. In fact, the plaintiff admits that he sees nothing on his skin. (Compl. at 3.) He has not produced any medical record to that end or any affidavit of any physician suggesting that he has scabies. Nor has the plaintiff produced any affidavit or other evidence confirming his contention that he has been sleeping on the mattress of an individual who had scabies or that he has otherwise come in contact with someone who suffered the condition. There is simply no evidence from which a reasonable jury could conclude that the plaintiff has scabies or any other serious injury, as constitutionally defined.

Even if there were, the plaintiff cannot satisfy the subjective element of his claim that the defendants were deliberately indifferent to some serious injury. The record is replete with evidence that the plaintiff was examined for the condition alleged numerous times from 2004 through 2007. (Olivencia-Font Aff. at 2-4.) The medical records reflect that at no time did the plaintiff exhibit any injury or scabies condition. *Id*. The examinations did reveal dry skin. *Id*. Moreover, and as already noted, the plaintiff was specifically referred to a dermatologist who found no signs of scabies. Notwithstanding, she prescribed him Elimite Cream. (Grice ¶ 3.) There is no allegation that the cream was not in fact made available to him.

6

The plaintiff's only allegations of indifference accuse the defendants of not performing a "dry skin scale test," of employing an "antique microscope," and of not paying Dr. Grice "extra money to use [her] personal equipment at her office." [Doc. 42 at 2.] In other words, the plaintiff admits that he was not "ignored," but that he would have preferred the use of allegedly superior methods of examination.

It is true that even where attention and care is given to an inmate, if it is grossly inadequate or incompetent, then it may rise to the level of deliberate indifference. *See Sherrod v. Lingle*, 223 F.3d 605, 611-12 (7th Cir. 2000.); *Dulany v. Carnahan*, 132 F.3d 1234, 1240-41 (8th Cir. 1997); *see also Miltier*, 896 F.2d at 851.  But, in this Circuit inadequacy is not enough.  The attention or treatment has to be "so grossly incompetent [or] inadequate" as to "shock the conscience or to be intolerable to fundamental fairness." *Id*.  Additionally, "[d]isagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985).

The plaintiff has produced no evidence from which a jury could conclude that the examination methods and tools used by the defendants was so inadequate as to shock the conscience.  The plaintiff has not produced evidence of any inadequacy whatsoever.  He has not produced evidence of the nature of a "dry skin scale test" or why it would be medically necessary under the circumstances.  He has also failed to produce evidence that the microscope used by the defendants was defective or that a microscope was even necessary at all.  As to the cost associated with Dr. Grice, there is no evidence in the record that Dr. Grice's examination was impeded for a want of proper equipment.  The plaintiff has not produced it, and Dr. Grice did not suggest in her affidavit that her ability to diagnose the plaintiff was somehow impaired for deficiencies in, or the unavailability of, certain diagnostic tools.

7

As to whether the defendants made any medical decisions based on monetary concerns, the plaintiff has produced no evidence of such considerations other than his own verified allegations. The plaintiff simply cannot prevail on an allegation that defendants were inappropriately seeking to save money where his assertions "that the defendants based medical treatment decisions on cost or other inappropriate concerns is entirely unsupported in the record." *Sereika v. Patel*, 411 F. Supp. 2d 397, 408 (S.D.N.Y. 2006). While a court has an obligation to read a *pro se* party's supporting papers liberally, a pro se litigants's "'bald assertion[s],' completely unsupported by evidence, are not sufficient to overcome a motion for summary judgment." *Id*. (citing *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir.1991)). The plaintiff, as the nonmoving party, "must come forward with specific facts showing that there is a genuine issue for trial." *See Matsushita Elec. Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Even more critically, the Court is persuaded by the Eastern District of Virginia's consideration of whether concern over medical costs can form the basis for a deliberate indifference claim. That court stated, "While inmates are entitled to adequate medical care under the Eighth Amendment, they are not entitled to the best and most expensive form of treatment." *Taylor v. Barnett*, 105 F. Supp. 2d 483, 489 n.2 (E.D. Va. 2000). The court went on to acknowledge that "[i]t is an unfortunate fact of modern life that cost considerations must enter into the equation for virtually every person seeking medical treatment, not just inmates." *Id*. The court noted "that the Eighth Amendment does not forbid prison officials from considering cost in determining the appropriate course of treatment so long as the treatment does not put the prisoner at risk of serious injury and the decision was not made with deliberate indifference." *Id*. "It only becomes unacceptable if prison officials make health care decisions solely upon cost considerations without any medical rationale." *Id*. To the Court, this is a reasonable balance.

8

Here, even if the plaintiff's allegations are true, it cannot be said that medical decisions were made "solely upon cost considerations" and with deliberate indifference. *See id.* The plaintiff was repeatedly examined, prescribed medications, and sent to a specialist. The Court has no evidence as to the expense of the test or equipment preferred by the plaintiff, but the aforementioned efforts, in light of a total lack of evidence of scabies, are not consistent with defendants who are trying to save all cost at the expense of the health of the plaintiff – especially not to a shocking degree. No reasonable jury could conclude differently.

Ultimately, the plaintiff complains because he has not received the treatment of his choice. He is not entitled to it. *Jackson*, 846 F.2d at 817.

For all of these same reasons, the plaintiff has not made any showing that he is entitled to an order compelling an examination and investigation of the kind described in his motion for medical attention. [Doc. 38.] That motion should be denied.

## **CONCLUSION**

Wherefore, based upon the foregoing, it is recommended that the defendants' motions for summary judgment should be GRANTED [Doc. 13, 36]. It is further recommended the plaintiff's motion for medical attention [Doc. 38] should be DENIED.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

July 1, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).