IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Khalid Abdul Al-Mu'Min, #234629, aka Danny Roney, )<br><br>Plaintiff, )<br><br>vs. )<br><br>Mark Sanford, Governor of South Carolina, et al., )<br><br>Defendants. ) | C.A. No.: 8:07-03178-RBH<br><br>**O R D E R** |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Bruce H. Hendricks, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

No objections were filed to the Report and Recommendation. The Report and Recommendation was mailed to the plaintiff on July 1, 2008. This mailing was returned to the court as "Not Deliverable as Addressed/Unable to Forward/Released 7/1/08." By Order dated September 24, 2007, the plaintiff

1

was directed to "notify the clerk in writing of any change of address." The plaintiff has not notified the Court of any change of address.

The Magistrate Judge has advised this Court that she was recently informally advised by the plaintiff's criminal defense attorney that the plaintiff in a criminal matter pending before another district judge was ordered to undergo a psychological examination, and the court handling the criminal matter suggested to the plaintiff that he seek a stay of this action. However, the plaintiff has not filed a request for a stay nor any objections to the Report nor any other document. The motion pending before the Court is a motion for summary judgment which would dispose of the case on the merits. The Court does not have before it definitive information as to the competency or incompetency of the plaintiff and therefore it is unclear whether a guardian ad litem would need to be appointed at this stage. However, the Court is concerned that if the plaintiff is incompetent, it should not enter a judgment on the merits without appointing a guardian ad litem. The Court can take judicial notice of its own files, Criminal # 3:08-cr-00252-CMC, wherein Judge Currie ordered the psychological examination. Again, however, no objections have been filed and no stay has been requested. Given the information regarding the status of his being evaluated in a criminal case according to court records, the more proper disposition rather than disposing of the case on the merits by way of summary judgment, would be for the court to simply dismiss the case without prejudice for failure to prosecute. As noted above, the Court has not been informed by the plaintiff of his current address and therefore he has failed to comply with this Court's order that he do so. It would not be appropriate to dismiss the case on its merits if the plaintiff is in fact incompetent and no guardian ad litem had been appointed.

**ORDERED** that the case is dismissed without prejudice. It is further **ORDERED** that the plaintiff's motion for medical attention [doc. 38] is hereby **DENIED**.

**IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence,  South Carolina
July 24, 2008